UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DIANE BURCHETTE,<br><br>                      Plaintiff,<br><br>         -against-<br><br>NANCY C. MILLAN, HILLSBOROUGH<br>COUNTY TAX COLLECTOR,<br><br>                      Defendant. | 24-CV-4807 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who resides in White Plains, New York, filed this *pro se* action invoking the court's federal question jurisdiction. She sues Nancy C. Millan, the Tax Collector for Hillsborough County, Florida, for alleged violations of her rights arising out of a tax dispute for a property located in Tampa, Florida. For the following reasons, the Court transfers this action under 28 U.S.C. § 1406 to the United States District Court for the Middle District of Florida.

## DISCUSSION

Under 28 U.S.C. § 1391(b), a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Under Section 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff alleges that Defendant is unlawfully threatening to take her property located in Tampa, Hillsborough County, Florida. Because she alleges that Defendant is located in Hillsborough County, where the events giving rise to her claims is occurring, from the face of the complaint, it is clear that venue is not proper in this court under Section 1391(b)(1), (2).

Under 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Defendant is located in Hillsborough County, Florida, where Plaintiff's claims arose. Hillsborough County is in the Middle District of Florida. *See* 28 U.S.C. § 89(b). Accordingly, venue lies in the Middle District of Florida, 28 U.S.C. § 1391(b)(1), (2), and in the interest of justice, the Court transfers this action to the United States District Court for the Middle District of Florida, 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Middle District of Florida. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. Any pending matters are to be adjudicated by the transferee court. A summons shall not issue from this court. This order closes this case in this court.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   June 26, 2024
              New York, New York

                                            /s/ Laura Taylor Swain
                                            LAURA TAYLOR SWAIN
                                        Chief United States District Judge